DETERMINED IN THE

# FIRST DISTRICT

OF THE

# APPELLATE COURT OF ILLINOIS

## DURING THE YEAR 1902.

---

## Morris Gershenow, for use of Lena Ruben, v. West Chicago St. R. R. Co.

1. STIPULATIONS—*When Court Will Not Take Notice of.*—A mere unfiled stipulation between parties is a thing to which its attention must be called if it is expected that the court will act thereon.

Garnishment.—Error to the Superior Court of Cook County; the Hon. SAMUEL C. STOUGH, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Affirmed. Opinion filed October 24, 1902.

ELIJAH N. ZOLINE, attorney for plaintiff in error.

LAWRENCE & FOLSOM, attorneys for defendant in error.

MR. JUSTICE WATERMAN delivered the opinion of the court.

The 18th day of October, 1894, plaintiff in error filed in the Superior Court an affidavit for a garnishee summons against the defendant in error.

Summons was issued and duly served on the defendant in error. Interrogatories addressed to the garnishee were filed by the plaintiff, to which the defendant in error filed an answer stating it was not indebted to said Morris Gershenow in any way and had no property belonging to him; it further answered that Morris Gershenow sued the defend-

(591)

ant in error in the United States Circuit Court for $30,000 for personal injuries, in which suit it filed a plea of not guilty.

To this the plaintiff filed a replication traversing the answer.

April 3, 1899, the case was called for trial and an order dismissing the suit for want of prosecution entered on motion of defendant's attorney with judgment for costs against plaintiff.

Seven terms thereafter, to wit, November 9, 1899, the plaintiff appeared and moved to have the judgment dismissing the suit set aside, and in support thereof filed the affidavit of the attorney for the plaintiff, setting forth, among other things :

" That the said cause was regularly reached for trial on the trial call before one of the judges of the Superior Court November 17, 1898, and was passed by the court by stipulation of the parties hereto. That above cause shall be taken up only after five days previous notice is given by either party. Affiant further stated that neither he nor his client were ever served with notice that above cause was to be called again for trial, and in violation of said order and of said stipulation, said cause, without notice to this affiant, was dismissed on motion of defendant, April 3, 1899."

The court refused to set aside the judgment and reinstate the cause.

The Superior Court had full jurisdiction over the subject-matter and the parties when, so far as appears, in the due course of business upon a regular call of the docket, the suit was dismissed for want of prosecution.

It may be that the plaintiff did not give five days notice and set the cause down for trial, but such condition is not negatived by the affidavit, although the affidavit does state that the cause was dismissed without notice to the affiant, plaintiff's attorney. However this may be, the case was not one wherein the court had power, after the lapse of the term, to set aside the judgment. Judgment obtained as was this, could not, at common law, have been set aside under writ of *coram nobis*, and can not in this state, upon motion.

The stipulation was not on file nor of record, and the court committed no error in dismissing the cause, because it had neither knowledge nor notice of such stipulation. There are matters of fact, such as the death of the defendant, of which a court is bound to take notice.    Life Association of America v. Fassett, 102 Ill. 315.

A mere unfiled stipulation between parties is a thing to which its attention must be called if it be expected that the court will act thereon.    The stipulation upon which plaintiff relies was not signed by the defendant nor an attorney who had appeared in the cause, nor by any person who, so far as appears, was an attorney or authorized to act for the defendant.    Van Vechten & Veeder had alone appeared as the defendant's attorneys.    The stipulation is signed " For N. C. St. R. R. Co., A. M. Savage, per H. Saunders. E. N. Zoline, attorney for plaintiff."

That A. M. Savage was at any time an attorney or agent of the defendant, or that H. Saunders had any right to act for him does not appear.    The motion to set aside the judgment came before the court without it being made to appear that the defendant had entered into any stipulation. Even the notice to set the judgment aside was served upon J. W. Duncan, who, affiant says, is the defendant's attorney, but who, it does not appear, was at any time its attorney in this cause or authorized to act for the defendant therein.

The order of the Superior Court refusing to set aside the judgment is affirmed.